NOT FOR PUBLICATION  (Doc. Nos. 3, 4)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                          :
KEVIN POTTER                              :    Civil No. 15-8457 (RBK/KMW)
                                          :
              Plaintiff,                  :
        v.                                :    **OPINION**
CYDNEE PHOENIX, et al,                    :
                                          :
              Defendants.                 :
_____    :

**KUGLER**, United States District Judge:

This matter comes before the Court on the Motion to Remand of Plaintiff Kevin Potter ("Plaintiff") (Doc. No. 4) and the Motion to Dismiss of Defendant Brett A. Datto ("Defendant") (Doc. No. 3). For the reasons expressed herein, Plaintiff's Motion to Remand is **GRANTED**, and Defendant's Motion to Dismiss is **DENIED**.

   I.   BACKGROUND

Plaintiff Kevin Potter, proceeding pro se, brought an action against Defendants Cydnee Phoenix ("Phoenix"), Billie J. Moore ("Moore"), and Brett A. Datto in the Superior Court of New Jersey, Atlantic County, Law Division, bringing claims of trespass, malicious prosecution, malicious use and abuse of process by fraud, intentional infliction of emotional distress, and civil conspiracy. (Compl., Doc. No. 1, Ex. A.) Plaintiff's claims stem from an alleged incident where Moore trespassed into Plaintiff's home, rummaged through his personal property, stole his mail, and then threatened him with "illicit consequences" if he reported the incident to the police. (Id. ¶ 16.) His malicious prosecution claims are grounded in the claim that Moore and Phoenix falsely accused him of violating multiple New Jersey statutes, and he also claims that Defendant

Datto misused the legal process to "intimidate, harass[,] and coerce the plaintiff in order to obtain a collateral advantage over his constitutional rights, liberties[,] and freedoms . . . ." (See generally, Compl., Counts Two through Eight.)

Defendant Brett Datto, an attorney representing himself in this action, removed Plaintiff's suit to this Court on December 4, 2015, alleging that Plaintiff's Complaint raises questions of federal law.[1] (Doc. No. 1.) On December 11, 2015, Defendant then filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. No. 3.)

On December 28, Plaintiff filed an opposition to Defendant's motion to dismiss and moved to remand the case to New Jersey Superior Court, Atlantic County. (Pl.'s Br., Doc. No. 4.) Plaintiff claims that the removal of his suit was unwarranted because his Complaint sounds exclusively under state law and all parties are residents of New Jersey. (Id. at 2.) Defendant has conceded, by way of letter to this Court, that this case does not involve a substantial question of federal law such that jurisdiction is conferred. (Doc. No. 5.) As such, Defendant does not object to Plaintiff's motion to remand.

## II.     DISCUSSION

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove an action filed in state court to a federal court with original jurisdiction over the action. Once an action is removed, a plaintiff may challenge removal by moving to remand the case back to state court. To defeat a plaintiff's motion to remand, the defendant bears the burden of showing that the federal court has

---

[1] It appears that Defendant has incorrectly cited the relevant removal statutes. He posits that he is removing the case pursuant to 28 U.S.C. §1442(b) on the basis of jurisdiction under 28 U.S.C. § 1332(a), both of which relate to *diversity* jurisdiction. However, neither Defendant's Notice of Removal nor his Reply to Plaintiff's Motion to Remand mention diversity jurisdiction. Rather, each mentions this Court's jurisdiction in relation to questions of *federal law*, which is governed by 28 U.S.C. § 1331, and which may be a basis for removal under § 1441(c).

2

jurisdiction to hear the case.  Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1995) (citing Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1939)).  Generally, where the decision to remand is a close one, district courts are encouraged to err on the side of remanding the case back to state court.  See Abels, 770 F.2d at 29 ("Because the lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand.").

Absent diversity of citizenship, proper removal requires that the underlying state court complaint present a question of federal law.  See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  To determine whether an action rests upon a federal claim, courts follow the "well-pleaded complaint" rule and look to the face of the complaint.  Id. at 392; Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998).  Importantly, the presence of a federal issue in a state claim does not automatically confer federal jurisdiction.  See Merrell Dow Pharms., Inc. v. Thompson, 478 U.S. 804, 813 (1986).

Defendant's Notice of Removal contends that Plaintiff's Complaint "references" violations of 28 U.S.C. § 2314 ("Transportation of Stolen Goods"), 18 U.S.C. § 1341 ("Frauds and swindles"), and 18 U.S.C. § 1961 *et seq.* (RICO violations).  However, Plaintiff's Complaint contains no federal causes of action, and notably, Defendant's motion to dismiss makes no mention of any federal causes of action save to mention that Plaintiff's complaint "references" these causes of action.  As Defendant now concedes, this alleged "reference," is insufficient to confer federal subject matter jurisdiction on this Court.  See Merrell Dow Pharms., 478 U.S. at 813; see also Smith v. Indus. Valley Title Ins. Co., 957 F.2d 90, 93 ("[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." (quoting Merrell Dow, 478 U.S. at 813)).  Consequently, because the face of

Plaintiff's Complaint identifies no federal question, this Court lacks subject matter jurisdiction. As such, Plaintiff's motion to demand will be granted, and this action will be remanded to the state court for lack of subject matter jurisdiction.

### III.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand (Doc. No. 3) is **GRANTED.** This case shall be remanded to the New Jersey Superior Court, Atlantic County, Law Division. Because the Court lacks subject matter jurisdiction over this case, Defendant's Motion to Dismiss is **DENIED.**

Dated: 2/02/2016                                                  s/Robert B. Kugler
                                                                              ROBERT B. KUGLER
                                                                              United States District Judge